54018. HARRIS, UPHAM & COMPANY, INC. v. HARRIS.

ARGUED JUNE 6, 1977 — DECIDED JUNE 15, 1977 —
REHEARING DENIED JUNE 30, 1977.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Susan A. Cahoon,* for appellant.
*Ernest J. Nelson, Jr.,* for appellee.

DEEN, Presiding Judge.

The appellant relies particularly on Code §§ 48-303 (d) and 109A-8—318. The former specifies that the custodian under the Georgia Gifts to Minors Act may execute and deliver any instrument which he deems advisable to carry out his powers as custodian, and that no transfer agent or other entity acting "on the instructions of any persons purporting to be a custodian or donor shall be responsible for determining whether any person has been duly designated as a custodian under this section or whether any purchase, sale or transfer to or by person as custodian is in accordance with or authorized by this section, or shall be obliged to inquire into the validity under this section of any instrument or instructions executed or given by a person purporting to act as custodian or donor, [or] to be bound to see to the application by any person purporting to act as custodian of any money or other property paid or delivered to him." Code § 109A-8—318 provides that an agent "who in good faith (including observance of reasonable commercial standards if he is in the business of buying, selling or otherwise dealing with securities) has received securities and sold, pledged or delivered them according to the instructions of his principal is not liable for conversion or for participation in breach of fiduciary duty although the principal had no right to dispose of them."

The appellee relies on Code § 109A-8—304 which stipulates that a broker is, however, charged with notice of adverse claims if the security "has been indorsed 'for collection' or 'for surrender' or for some other purpose not involving transfer." It is the appellee's contention that the reregistration of the stocks so as to show Malcolm Harris' name as custodian for the owner, William Harris, was a "purpose not involving transfer" and sufficient as a matter of law to alert the broker and give rise to the

necessity of exploring the circumstances of the claim beyond merely visiting Malcolm Harris in his office and ascertaining that he appeared to be a responsible business person employed by the state.

Construing these statutes in pari materia we are convinced that the trial court erroneously granted a summary judgment against the brokerage firm. The quoted language shows a unanimity of concept in Georgia law of protecting certain institutions including banks and brokerage houses from personal liability when they act in good faith. Malcolm Harris did indeed "purport" to be a custodian and to be acting as such in the reregistration and sale of the securities. The restriction on the immunity of the company is that it must observe reasonable commercial standards, and under the record here that issue cannot be decided on summary judgment. Was it chargeable with notice of an adverse interest because of the endorsement? The appellee contends that this was an endorsement "for some other purpose not involving transfer." The examples given in the statute (for collection, for surrender) of endorsements not involving transfer are in fact endorsements excluding the idea of transfer by sale, which was the purpose of the endorsement here. They do not, standing alone, negate the good faith defense of the brokerage firm, although as a matter of fact they may well bear on the question of whether the defendant observed reasonable commercial standards in the transaction.

The court erred in granting summary judgment to the plaintiff, but correctly denied the defendant's motion to the same effect.

*Judgment reversed in part. Webb and Marshall, JJ., concur.*